| | | |
|---|---|---|
| JOHN JAMES<br>1344 Cypress Place<br>Chesapeake, VA 23320 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE COUNTY |
| SHERMAN ACQUISITION, LP | * | |
| Serve on: The Corporation Trust Co.<br>1209 Orange Street<br>Wilmington, DE 19801 | *<br><br>* | Case #: 03-C-06- 1966 |
| and | * | |
| MANN BRACKEN, LLC<br>229 Peachtree St., NW, #700<br>Atlanta, Georgia 30303 | *<br><br>* | |
| Serve on: Scott A. Kramer | * | |
| and | * | |
| SCOTT A. KRAMER<br>10706 Tanager Lane<br>Potomac, Maryland 20854-6317 | *<br><br>* | |
| and | * | |
| ANDREW SCOTT LERNER<br>1953 Gallows Road, Suite 240<br>Vienna, Virginia 22182 | *<br><br>* | |
| and | * | |
| DALPHENE DAVIS<br>address unknown | *<br>* | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND JURY TRIAL DEMAND**

### *Preliminary Statement*

Plaintiff seeks recovery of actual damages, statutory damages, costs and attorneys fees from Defendants for violations of the Fair Debt Collection Practices Act, ("FDCPA"),15 U.S.C. § 1692, and the Maryland Consumer Debt Collection Act (MCDCA), Maryland Commercial Law article (CL) § 14-202, for Defendants' collecting and attempting to collect a debt that is not owed, time barred due to the statute of limitations, using a false Affidavit, lacking standing to collect the alleged debt, and for other improper debt collection activities including repeated phone calls and threatening wage garnishment, and failing to validate the debt within 5 days of the initial communication.

Plaintiff also seeks recovery of actual damages, statutory damages, costs and attorneys fees from Defendants Mann Bracken and Sherman for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Maryland FCRA, CL art. § 14-1213(a) and (b), for Defendants' unauthorized access to Plaintiff's Equifax credit report during October 2004.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims under 15 U.S.C. § 1692k(d) (FDCPA) and 15 U.S.C. § 1681p (FCRA).

2. Venue is proper in this Court because the suit is based on illegal calls made to this County by Defendants Mann Bracken for Sherman, and on an illegal suit brought in 2005 in this County by Defendant Sherman against Plaintiff. Defendants repeatedly attempted to collect a debt from Plaintiff in this County, and the injuries occurred in this County.

### PARTIES

3. Plaintiff, John James is a man who lives at 1344 Cypress Place, Chesapeake, VA 23320. James lived in Baldwin, Maryland when the Defendants committed the acts sued upon.

4. Defendant Sherman Acquisition, LP ("Sherman") is or was a company registered as a

2

Delaware company. One of the principal purposes of Sherman is the collection of debts using the mails and/or telephone, and Sherman regularly attempts or attempted to collect debts alleged to be due another.

5. Defendant Mann Bracken, LLC is a law firm with offices in Virginia and Atlanta that concentrates in collecting consumer and other debts. One of the principal purposes of Mann Bracken is the collection of consumer debts using the mails and/or telephone, and Mann Bracken regularly attempts or attempted to collect debts alleged to be due another. Mann Bracken is licensed to do business as a collection agency by the Maryland Department of Labor, Licensing and Regulation with licenses # 2518, #3833, and #4319 (current). Mann Bracken has an office at 2727 Paces Ferry Road, Atlanta, Georgia, 30339.

6. Scott A. Kramer is a lawyer licensed in Maryland who works for Mann Bracken and regularly attempts to collect debts alleged to be due another.

7. Andrew Scott Lerner is a lawyer licensed in Maryland who works for Mann Bracken and regularly attempts to collect debts alleged to be due another.

8. Dalphene Davis is an attorney who works or worked for Sherman and regularly attempts to collect consumer debts alleged to be due another.

9. All Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and "collectors" as that term is defined by the MCDCA, CL § 14-201(b).

## FACTS ALLEGED

### Time barred lawsuit filed against Plaintiff on February 23, 2005

10. On or about February 23, 2005 Defendants conspired together and filed a suit against Plaintiff seeking $3,494.70 for Sherman Acquisition LP as assignee of Household Bank (S.B.) N.A. in the Baltimore County District Court, Case #804-6966-2005 ("Suit").

3

11. The debt Plaintiff allegedly owed in the Suit was over three years old on Feb. 23, 2005.

12. The Suit was barred by the statute of limitations under Maryland law.

13. Attorneys Kramer and Lerner along with Mann Bracken are listed as counsel on the suit, and Scott A. Kramer signed the suit.

14. Attorney Dalphene Davis signed an "Affidavit In Support of Judgment" dated January 27, 2005 that was attached to and included as part of the Suit.

15. The suit when filed included a "summary Screen" print out with the name "Sherman Financial Group, LLC," a File # 40-34635-0, and an account # 7011119000483925.

16. The Suit failed to include an address of the plaintiff, Sherman Acquisition, LP, and listed the address of Defendant Mann Bracken as the address of the plaintiff.

17. Sherman Acquisition, LP did not have a physical business address on Feb. 23, 2005.

18. Sherman Acquisition, LP may not an active corporation in good standing on Feb. 23, 2005, and thus lacked standing to sue Plaintiff even if the debt had been owed.

19. Sherman Acquisition, LP did not have any right to collect any debt from Plaintiff because any right that existed was in the name of Sherman Financial Group, LLC.

20. The Suit included a claim for interest, fees and/or penalties that were not owed by Plaintiff James.

21. Defendants routinely file suits for time-barred debts, hoping to obtain judgments by default or otherwise against unsophisticated and/or unrepresented consumers, using form complaints and form affidavits. The alleged debts sued on are part of large debt portfolios bought a steep discounts, even at pennies on the dollar, because these debts are often time-barred or otherwise uncollectible through normal legal process.

22. The Suit against Plaintiff James was created using a form Complaint by Mann Bracken.

23. The Suit against Plaintiff James was supported with a form Affidavit prepared by Dalphene Davis.

24. The Affidavit prepared by Dalphene Davis was false.

25. Plaintiff did not owe $3,494.70 to Sherman Acquisition LP, Sherman Financial Group, LLC, or Household Bank (S.B.) N.A. on the date the Suit was filed on Feb. 23, 2005.

26. Plaintiff did not owe $3,494.70 to Sherman Acquisition LP, Sherman Financial Group, LLC, or Household Bank (S.B.) N.A. at any time.

27. Defendants knew or should have known that Plaintiff James did not owe the amount alleged in the Suit.

28. Defendants had actual knowledge that the Suit against Plaintiff James was time-barred, *inter alia*, because Mann Bracken accessed James' Equifax credit report in October 2004 and the credit information showed that the account in question had a date of last activity of July 2000, well over three years before the Suit was filed.

**IMPROPER COLLECTION EFFORTS BEFORE THE SUIT WAS FILED**

29. Prior to filing the Suit on Feb. 23, 2005 Defendant Mann Bracken, on behalf of Sherman, called Plaintiff repeatedly for a period of about three months, about two times a week on average, attempting to collect the time-barred debt.

30. Mann Bracken's collection calls were all by women, including one or more automated messages.

31. One of the live woman callers threatened Plaintiff with wage garnishment and mediation.

32. Defendants had no right to write or contact Plaintiff in the manner and for the purpose they did, or to threaten wage garnishment or arbitration.

33. During one or more of the Mann Bracken collection calls, Plaintiff requested some

5

evidence or proof of the alleged debt.

34. Neither Mann Bracken or Sherman ever provided Plaintiff with written proof or validation of the debt allegedly owed to Sherman.

### Unauthorized access to Plaintiff James' Equifax credit report

35. Defendant Mann Bracken, on behalf of itself and Sherman, accessed Plaintiff James' Equifax credit report in October 2004 without Plaintiff's permission or authorization or other lawful purpose.

## ADDITIONAL IMPROPER COLLECTION EFFORTS AFTER THE SUIT WAS FILED

### Andrew S. Lerner's letter to Plaintiff James on April 7, 2005

36. On or about April 7, 2005 Defendant Andrew S. Lerner and Mann Bracken sent a letter to Plaintiff James attempting to collection a debt, namely, the amount in the Suit.

### "Mr. Kelly's" May 23, 2005 call to Plaintiff

37. On or about May 23, 2005 a "Mr. Kelly" with the Mann Bracken firm's Georgia office called Plaintiff and left a message as part of a collection effort.

### Additional allegations

38. Defendants actions are part of a pattern and practice of illegal and abusive debt collection.

39. Mann Bracken and its employees failed to take reasonable steps to investigate the validity of the debt they were attempting to collect, and on information and belief, did no independent or separate investigation, as part of a pattern and practice of debt collection mill law firm.

40. Defendants failed to exercise a duty of reasonable care towards Plaintiff, which was a proximate cause of the damages to Plaintiff, who was not contributorily negligent.

### Damages

41. As a result of Defendants' actions, Plaintiff suffered damages, including mental and/or emotional stress and confusion, marital stress, having to spend time doing legal and other research and requesting, obtaining and gathering credit reports and other documents in order to get the Defendants' merit less lawsuit dismissed, receipt of annoying letters from credit and debt management companies who solicited Plaintiff as a direct result of having learned of the filing of Defendants' Suit, having to consult with an attorney and incurring actual or potential legal fees, and out of pocket expenses for long distance telephone calls and faxes to and copying of documents for his attorney.

### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA)

42. Defendants' actions violated the following FDCPA provisions:

§ 1692d (harassment or abuse)

§ 1692e (false or misleading representations)

§ 1692e(2) - false representation of the character or amount of a debt.

§ 1692e(4) - false representation that nonpayment will result in garnishment.

§ 1692e(5) - threats to take any action that cannot legally be taken or not intended to be taken

§ 1692e(10) - false representation or deceptive means to collect or attempt to collect a debt or information concerning a consumer.

§ 1692f(1) - collecting an amount not (including any interest, fee, charge, or expense) expressly authorized by the agreement creating the debt or permitted by law.

§ 1692g(a) - failure to validate the debt within 5 days after the initial communication with the consumer in connection with the collection of any debt.

## Violations of the Maryland Consumer Debt Collection Act (MCDCA), Maryland Ann. Code, Commercial Law article (CL) § 14-202

43. Defendants' actions violated the following MCDCA provisions:

   CL § 14-202(6) - communicating with the debtor in any manner as reasonably can be expected to abuse or harass the debtor.

   CL § 14-202(8) - claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist

## Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA)

44. Defendants' actions violated the following FCRA provisions:

45. Defendants Mann Bracken and Sherman negligently violated the FCRA's prohibitions on accessing a credit report without permission, in violation of 15 U.S.C. § 1681b.

46. Defendants Mann Bracken and Sherman willfully violated the FCRA's prohibitions on accessing a credit report without permission, in violation of 15 U.S.C. § 1681b.

## Violations of the Maryland FCRA

47. Defendants Mann Bracken and Sherman violated Md. Ann. Code, Commercial Law (CL) Art. § 14-1202(a) by willfully and/or negligently obtaining Plaintiff's credit report or getting others to access it for Defendants and for Defendants' benefit, without a permissible reason and without Plaintiff's consent, damaging Plaintiff.

## Relief Sought

### FDCPA

48. Plaintiff incorporates all previous paragraphs as if fully stated herein, and demands:

   (1) actual damages for each separate violation of the FDCPA by each individual Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);

(2) statutory damages of $1,000 for each separate violation of the FDCPA by each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

### Maryland Consumer Debt Collection Act (MCDCA)

(4) actual damages, costs and reasonable attorneys fees for each separate violation of the MCDCA;

(5) such other relief as the Court deems just and equitable.

### FCRA

### Negligent FCRA Violations

45. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

46. Defendants are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

### Willful FCRA Violations

47. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorney's fees.

48. As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than

$1,000.00 for each such violation; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) the costs of this action together with reasonable attorneys' fees.

### Maryland FCRA

49. Pursuant to Maryland CL art. § 14-1213(a) (willful violations) and/or (b) (negligent violations), Plaintiff seeks actual damages, punitive damages, costs and reasonable attorneys fees.

WHEREFORE Plaintiff seeks actual, statutory and punitive damages in excess of $25,000, plus costs and attorneys fees, and for such other appropriate relief.

### REQUEST FOR JURY TRIAL

The Plaintiff requests a jury trial for all such issues triable to a jury.

Respectfully Submitted,

*Michael C. Worsham*

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax: (410) 510-1870

*Attorney for Plaintiff*

February 21, 2006

10